IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 11, 2017


**STATE OF TENNESSEE v. AARON JERMAINE CLARK**

**Appeal from the Criminal Court for Hamilton County**
**No. 275083, 294282, 294436, 294660, 294663   Thomas C. Greenholtz, Judge**

_____

**No. E2017-00616-CCA-R3-CD**
_____


Aaron Jermaine Clark ("the Defendant") appeals the trial court's revocation of his probation and imposition of his sentences, claiming that he should have been granted an alternative sentence so that he could continue his course of drug rehabilitation. After a review of the record and applicable law, we conclude that the trial court did not abuse its discretion. The judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and CAMILLE R. MCMULLEN, JJ., joined.

Fisher Wise, Chattanooga, Tennessee, for the appellant, Aaron Jermaine Clark.

Herbert H. Slatery III, Attorney General and Reporter; Linda D. Kirklen, Assistant Attorney General; Neal Pinkston, District Attorney General; and AnCharlene Davis, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On October 7, 2010, the Defendant pled guilty in case number 275083 to sale of cocaine, a Class B felony. The trial court imposed an eight-year suspended sentence to be served consecutively to a five-year sentence for theft of property in case number 267845. After service of the five-year sentence in case number 267845 and while on probation in case number 275083, the Defendant pled guilty and was sentenced to an effective seven-year term to be served consecutively to the eight-year sentence in case number 275083. That sentence was suspended, but the trial court ordered the Defendant

to serve eleven months and twenty-nine days in the county jail for violating probation in case number 275083. Following the issuance of a probation violation warrant and an evidentiary hearing on January 27, 2017, the trial court revoked the Defendant's probation and ordered the sentences to be served in confinement.

At the probation revocation hearing, the Defendant's probation officer, James Rox, testified that on November 18, 2013, the Defendant graduated from the Hamilton County Drug Court at the end of his five-year sentence in case 267845. However, the Defendant failed to report to the probation office at the beginning of his consecutive sentence for case 275083, so on April 4, 2014, Officer Rox filed a Probation Violation Report alleging that the Defendant had absconded.[1] The trial court issued a capias, and the Defendant was arrested. On May 12, 2014, the warrant was dismissed, and the Defendant was restored to probation.

On November 7, 2014, Officer Rox filed another Probation Violation Report alleging that the Defendant had been arrested for possession of cocaine, had failed to notify his probation officer of his arrest, had failed to report as required, had used drugs, and had failed to pay probation fees. On December 2, 2014, a capias was issued, and the Defendant was arrested on December 16, 2014.

On February 25, 2015, the Hamilton County Grand Jury indicted the Defendant in case 294282 for a Class C felony aggravated burglary and Class E felony theft of property. The indictment listed the offense date as November 28, 2014. On March 11, 2015, the Hamilton County Grand Jury indicted the Defendant in case 294436 for a Class C felony aggravated burglary and Class D felony theft of property. The indictment listed the offense date as December 11, 2014. On March 25, 2015, the Hamilton County Grand Jury indicted the Defendant in case 294660 for a Class C felony aggravated burglary and in case 294663 for possession of cocaine. Both indictments listed the offense date as December 16, 2014.

On October 15, 2015, the Defendant pled guilty to the six felony charges listed above and to violating the terms of his probation. Pursuant to a plea agreement, the Defendant received an effective seven-year sentence to run consecutively to his eight-year sentence in case 275083, his probation was revoked in case 275083, he was ordered to serve eleven months and twenty-nine day in jail on the revocation, and the balance of his sentence was ordered to be served on supervised probation with an alcohol and drug assessment.

---

[1] The probation warrant also stated that the Defendant was on probation in Bradley County. Officer Rox testified that on May 7, 2012, the Defendant was convicted in Bradley County for the sale of cocaine and received a ten-year sentence that was ordered to be served consecutively to the eight-year sentence in case 275083.

Officer Rox further testified that, after the Defendant was returned to probation, he performed according to the terms of his probation for a short time, reported as ordered, and worked steadily at his job. As a condition of his probation, the Defendant was assigned to the intensive outpatient program for drug addiction treatment at the Council for Alcohol & Drug Abuse Services ("CADAS").

On May 12, 2016, the Defendant was suspended from an intensive outpatient treatment program because he allegedly tested positive for cocaine and fraudulently attempted to pass his drug screen by using a "Whizzinator" device.[2] On May 26, 2016, Officer Rox filed a Probation Violation Report alleging that the Defendant had violated probation by failing a drug screen, by attempting to fraudulently pass a drug screen, and by failing to pay court-ordered restitution and probation fees. Based on Officer Rox's Probation Violation Report, the trial court issued a capias for the Defendant's arrest on June 6, 2016. The Defendant was arrested on June 14, 2016.

Mary Kay Roberts, the director of court services at CADAS, testified that, if the court allowed it, CADAS would accept the Defendant back into their program on an inpatient basis. This assurance of acceptance was based on a self-reported assessment that the Defendant had taken a few days prior to the hearing at the request of the Defendant's attorney.

Jerome Lyle, the Defendant's employer, testified that the Defendant had worked for his construction company, Future Construction, since 2012. Mr. Lyle stated that the Defendant was a good worker and was proficient both in small electrical work and in the highly-valued skill of excavator operation. Mr. Lyle also testified that the Defendant got along well with the other workers and that he had never exhibited bad behavior on the job or shown up to work intoxicated. Mr. Lyle stated that he would re-hire the Defendant if he was released on probation.

Billy Joe Keltch, the admission coordinator at CADAS who performed the Defendant's drug screen on May 9, stated that, prior to the drug screen, the Defendant had stalled nearly two hours by claiming that he was unable to urinate. During the screen, Mr. Keltch discovered the Defendant's "Whizzinator" and confiscated it. He then instructed the Defendant to undergo another drug screen, and the Defendant tested positive for cocaine and Oxycodone. When Mr. Keltch presented the results of this screen to the Defendant, the Defendant admitted that he brought the "Whizzinator" because he knew he was going to test positive for cocaine. The Defendant was thus suspended from CADAS for a month. He was staffed with a treatment team and asked to

---

[2] Billy Joe Keltch, who performed the drug screen, explained during his testimony that a "Whizzinator" is a fake penis designed to pass urine from a urine storage bag.

attend thirty twelve-step meetings, get a sponsor, pick a home group, and to follow-up with a treatment team. However, on June 29, the Defendant was discharged at staff request because he missed eleven group sessions and only attended three of his twelve-step meetings. Furthermore, even when he did attend, he seemed "unconcerned and aloof," appeared resistant to treatment, and often fell asleep during sessions. Mr. Keltch stated, however, that CADAS would be willing to reinstate the Defendant into their treatment program if the Defendant was willing to participate in the program and complete its requirements.

Dr. Elaine Kelly, the director of the Hamilton County Drug Court, stated that the Defendant was a client of the drug court program, and he successfully graduated from the program in 2013. According to Dr. Kelly, the Defendant performed well in the structured environment that the drug court provided, as the Defendant did not fail any of his drug screens during that time.

Brian Bush, a court liaison for the House of Refuge,[3] stated that, if the Defendant were released on probation, then House of Refuge would accept him into their program.

Beverley Clark, the Defendant's mother, testified that the Defendant currently resided with his fiancée and their three children. Ms. Clark stated that the Defendant was financially responsible for all three of his children.

The Defendant testified that he had no excuse for violating probation and relapsing but begged mercy of the court to be put back on probation, citing his need to provide for his children. He believed that he would be successful in managing his addiction if the court placed him in a structured environment. On cross-examination, the Defendant admitted that he planned his May 2016 relapse almost a month in advance, explaining that he had purchased the "Whizzinator" in April and stockpiled his own urine the day before he attempted to fraudulently pass his drug screen. He also admitted that he avoided paying his restitution and following through with his treatment programs because he wanted to relapse and did not want to be sober.

The trial court found substantial evidence that the Defendant had violated his probation because he fraudulently attempted to pass a drug screen, failed to pass a drug screen, and failed to pay court-ordered restitution. In determining the consequences of the Defendant's violations, the trial court balanced the interests of the public, the interests of fundamental justice, and the interests of the Defendant. The trial court noted that the Defendant had repeatedly failed to manage his drug addiction when the trial court applied

---

[3] According to Mr. Bush, the House of Refuge is a highly-structured, faith-based program for recovering drug addicts.

- 4 -

lesser sanctions and that he willfully violated his probation, as evidenced by his "deliberate and planned" attempt to pass a drug screen fraudulently. Therefore, the trial court concluded that the Defendant was not a good candidate for probation and ordered the execution of his sentences.

## II. Analysis

On appeal, the Defendant argues that the trial court abused its discretion by calling the Defendant's sentences into execution instead of allowing him to continue his course of drug rehabilitation. The State argues that the trial court exercised proper discretion in calling his sentences into execution because the Defendant violated the terms of his probation. We agree with the State.

Upon a finding by a preponderance of the evidence that a defendant has violated a condition of his or her probation, a trial court may revoke probation and order the imposition of the original sentence. Tenn. Code Ann. §§ 40-35-310, -311 (2014); *State v. Kendrick*, 178 S.W.3d 734, 738 (Tenn. Crim. App. 2005) (citing *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991)). We will not disturb the trial court's ruling on appeal absent an abuse of discretion. *State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001) (citing *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991)). To establish an abuse of discretion, a defendant must show that there is "no substantial evidence" in the record to support the trial court's determination that a violation of probation has occurred. *Id.* Proof of a violation does not need to be established beyond a reasonable doubt. *State v. Milton*, 673 S.W.2d 555, 557 (Tenn. Crim. App. 1984). Rather, if a trial court finds by a preponderance of the evidence that a violation has occurred, the court may revoke the probation and suspension of the sentence. Tenn. Code Ann. § 40-35-311(e) (2014).

Once a trial court has determined that a violation of probation has occurred, the court has the discretionary authority to order the defendant to: "(1) order confinement; (2) order execution of the sentence as originally entered; (3) return the defendant to probation on appropriate modified conditions; or (4) extend the defendant's probationary period by up to two years." *State v. Brandon L. Brawner*, No. W2013-01144-CCA-R3-CD, 2014 WL 465743, at *2 (Tenn. Crim. App. Feb. 4, 2014) (citing Tenn. Code Ann. §§ 40-35-308(a), -308(c), -310, -311(e); *State v. Hunter*, 1 S.W.3d 643, 648 (Tenn. 1999)). The determination of the proper consequences of the probation violation embodies a separate exercise of discretion. *State v. Reams*, 265 S.W.3d 423, 430 (Tenn. Crim. App. 2007).

In the present case, the trial court found that the Defendant violated the terms of probation when he failed to make his court-ordered restitution payments, failed drug screens, and attempted to fraudulently pass a drug screen using a "Whizzinator." On

appeal, the Defendant does not dispute the fact that he violated his probation in this manner. The Defendant's admission that he violated the terms of his probation, alone, constitutes substantial evidence to support the revocation of probation. *See State v. Christopher Nathaniel Richardson*, No. M2006-01060-CCA-R3-CD, 2007 WL 776876, at *4 (Tenn. Crim. App. Mar. 15, 2007), *no perm. app. filed.* We conclude that the trial court did not err in finding that the Defendant violated the terms of his probation.

The Defendant claims that the trial court abused its discretion because the trial court did not allow the Defendant to continue his present course of drug treatment. The Defendant cites the testimony of the employees at CADAS and House of Refuge, stating that they believed he would benefit from a structured program and that they would be willing to enroll him in their programs to offer him that structure. However, the trial court concluded that the Defendant was not a good candidate for probation and ordered the execution of his sentences.

Upon review, the record fully supports the trial court's decision to impose the Defendant's sentences. The trial court noted that the Defendant had numerous prior parole violations for similar drug-related offenses. Furthermore, the trial court noted that, with the possible exception of drug court, the Defendant failed to successfully complete the requirements of lesser sanctions. Therefore, the trial court's skepticism that the Defendant would succeed under lesser sanctions was not an unreasonable abuse of discretion. The trial judge exercised conscientious judgment when he determined that the Defendant would likely fail to avail himself of the tools of recovery, since the Defendant previously had access to these tools but had willfully failed to take advantage of them. Having already provided the Defendant with probation, the trial court was well within its authority to order that he serve his sentence in confinement.

### III. Conclusion

We conclude that the trial court did not abuse its discretion when it called the Defendant's previous sentences into execution. After finding by a preponderance of the evidence that the Defendant had violated the terms of his probation, the trial judge carefully considered the Defendant's history of deception and uncooperativeness to determine that the Defendant was unlikely to be rehabilitated of his drug addiction outside of confinement. Therefore, for the aforementioned reasons, the judgment of the trial court is affirmed.

_____
ROBERT L. HOLLOWAY, JR., JUDGE